May it please the court. Counsel. My name is Rachel Steinholtz and I represent Mr. Daigle in this matter. We ask this court to reverse the district court's order and remand for further proceedings. Mr. Daigle's phone was searched, was seized and searched based on a search warrant that was missing at least nine pieces of highly relevant information. Courts may invalidate a search warrant because of police omissions and here Sheriff Hook in essence curated a version of the circumstances that manipulated the probable cause determination in his favor. The nine pieces of highly relevant information include one that there was an investigation in 2013 involving the same accuser, the same defendant Mr. Daigle and the same type of accusations. Two, that RM made inconsistent statements between the 2013 and 2015 investigations. Three, that Daigle passed a polygraph test with regard to the 2013 investigation. Four, that no charges were filed following the 2013 investigation. Five, that of the 20 devices searched pursuant to the first search warrant, that none yielded any of the videos that RM had said had been recorded on some of them. Six, that it was believed that Mr. Daigle would have SD cards on his person when he would be found and in fact when he was found he was not in possession of any SD cards. Seven, Sheriff Hook's lack of training to assess reliability in child sex assault abuse investigations. Eight, the circumstances of marital strife under which RM disclosed the information and finally... You know, we've got countless cases, I think, I don't know about countless but I've written one or two of them saying that omissions from a warrant are really of no moment if probable cause is presented. And why don't those cases govern here? The case I think the court should really look at here is the Jacobs case. And to prevail on a Frank's claim, two prongs have to be met. That there were omissions, which we have here, and then two, that the omitted information was clear. Of course, I wasn't addressing the Frank's issue. I was addressing your attack on the warrant itself. And why omissions... Even if relevant, omissions don't nullify a showing of probable cause based on independent circumstances. Correct. And the 2013 investigation or the marital difficulties and all of that, I don't see where those are omissions that nullify a showing of probable cause based upon the affiance of first-hand listening to an interview of a child, which produced plenty of probable cause if reliable. Yeah, the four corners of the affidavit. We do believe that there are problems with the four corners of the affidavit, which we discussed in the brief, but there are inconsistencies between the phone description and what was presented here, including the brand name, size, that kind of thing. There are issues that we took with who were all the sources that actually provided the affidavit. There is also the Wallace case that discussed, to your point, that he was present and watched the interview. And the Wallace case, similar case where the officer was present and watched the forensic interview. That case did not involve highly relevant information because the child in that case discussed matters that did not have to do with the investigation here. But here, Sheriff Hook did omit highly relevant information. The 2013 investigation, again, involved... What's your best case for omission of, best Eighth Circuit case for omission of relevant circumstances? Outweighing an otherwise adequate showing of probable cause. When it pertains to specifically to the Franks hearing part of it? No. Not the Franks. No. You've got both challenges. We do. Yeah. We do feel our Franks claim is the strongest of the two challenges. Well, I think I would have expected you to start there, but go ahead. Yeah. I think it is. I think it's the more, it's the trickier issue. It is, but the omissions, because of how many there were and how highly relevant those omissions were, we feel that it's a strong claim. What's the omission or mistake that gets the Franks hearing? Well, we feel that there's at least nine of them. I think the most notable one is that 2013 investigation. And when we, to turn back to that... I thought that was a finding of an untruthful affidavit. We feel that, well, pursuant to the Jacobs case and just Franks claims in general, that's first, again, there's two prongs to a Franks claim. Which is that, one, that there was an omission. And that can be with minimum of reckless disregard for the consequences of those omissions. So we have that here. And then prong two is that the omitted information was clearly critical to the finding of probable cause. And so I think the Jacobs case is particularly instructive on this. Because what they did in the Jacobs case was they took the omitted information and they reworked the sentences in the affidavit. And when they added the omitted information in, then they found that probable cause was no longer there. So if we do that... Just a quick question on the probable cause claim before you completely move over to Franks. Is probable cause really just kind of a duplicate of your Franks claim in the sense that your argument really is that there were some problems with this affidavit in terms of the phone and things like that. And because of that, there lacked probable cause? Correct. Okay. I just wanted... So you're really just bringing the same challenge under two different frameworks? Correct. Okay. That's very helpful. Thank you. So again, if we look at the Jacobs case and we use that as instructive for what we should do here, and we take the highly relevant pieces of information and insert them back into the affidavit, probable cause is no longer there. So for instance, with the affidavit, if you take paragraph 16 and you start off and you say that the victim, Jane Doe, is a reliable source, and you do what they did in Jacobs and you add the information back and you say, but she had given conflicting stories in the 2013 investigation to what she's stating now. If you take paragraph 16 again and it starts off that the victim, Jane Doe, is a reliable source, but then you add, but the court should know that in Sheriff's Hook's assessment of reliability, he hasn't had any training on investigations in 10 years, and even more limited training... So he didn't do the interview himself? He got a professional to do the interview and he listened. I can't imagine a more reasonable thing for an officer concerned about whether he might be a little bit out of his element in interviewing a child on this kind of subject. What better way is there to proceed? But I think the point is that Judge Hovey, the issuing magistrate judge in the Senate, issued the search warrant, never knew, did not know about this 2013 event. He wasn't reminded of this 2013 investigation. Now you jump to 2013 and I thought we were focusing on failure to disclose his lack of training, which the judge would have known, and the judge knew it was a forensic interview, right? Yes. Well, to your point that the judge would have known what his training was. He would have known he wasn't a forensic interviewer of suspected child victims. That's true. I think it's also important that Judge Hovey hasn't, or excuse me, Sheriff Hook hadn't had any training on forensic interviews in general. So he wouldn't have been able to tell. But he didn't do it. He just listened. Correct. And then he formed an opinion. He's got a lot of experience on forming opinions as to whether someone is truthful and reliable. Let a professional do the interview and he listened. There's no evidence the forensic interviewer had a different opinion after the interview, is there? There, no. The defense could have pursued that. Sure. Well, if you feel that that part isn't a highly relevant part that Sheriff Hook should have included, then we do have at least eight other pieces of information that probably should have. And so, again, going back to the Jacobs analysis, that with the other information that should have been added, if you look at paragraph 13, that Jane Doe was placed in the custody of Briggs County Social Services and in foster care from February 20th, 2013 until June 26th, 2013. If you add in the information that this was because Daigle had been investigated for similar polygraph tests, I think this all goes when you engage in that exercise that Jacobs tells us to engage in and you add in all these omissions, there's no probable cause left anymore. And we asked that this court would vacate this, do that analysis under Jacobs and find that there was no probable cause of termination. But brief asserted, but didn't really discuss that just simply that Leon doesn't apply. Why doesn't it apply? Because there's a Franks violation. And so the Leon good faith exception doesn't apply when there's a Franks violation. Your honors, I stand on- But what case says that? I believe the Leon case says that when there's a Franks violation, that it doesn't apply. What evidence is there that this was intentional or reckless by the officer? That can be inferred just from the omissions in and of themselves. But he does state that he was, in testimony he states that he was very, very, very, three verys, very, very, very familiar with the Daigle family. He was also part of the 2013 investigation. So the fact that he wouldn't include it when it's the same accuser, same defendant, same type of accusations, and that he wouldn't bring that up two years later in the present investigation, that's in and of itself I think infers recklessness. What relevance is there on that point that the district court, Judge Erickson viewed it as having at the suppression hearing as having done what a Franks hearing would have required? In other words, I got all the information I needed. I don't need to hold a duplicate hearing. And therefore, I'm just going to conclude that there's no Franks violation here. What relevance is there to the question I just asked and to your case? Yeah, that's important because we didn't have a Franks hearing following the discovery of that 2013 investigation. So had we had that and got the opportunity to ask Sheriff Hook specifically more about those why he didn't include it and to find out more information about that, perhaps we could have had a different result and we could have convinced Judge Erickson. Wait, wait, wait. I mean, forget the labels. You've got a hearing and Hook is on the stand. What didn't you get to ask? The 2013 investigation came to light after that first Franks hearing. And so there was follow-up briefing after that Franks hearing discussing the discovery of that 2013 investigation and there wasn't, and requesting a Franks hearing and that was denied. Is there any evidence that he actually knew about the 2013 investigation? Yes. I know there's, and what was that evidence? Where's that in the record? Well, it was discussed in the forensic interview. Okay. That there was a 2013 investigation. And Your Honors, I see that I'm getting into my rebuttal time, if I may reserve the remainder. Thank you. Thank you. Ms. Healy? Good morning. May it please the Court. My name is Megan Healy and I represent the United States in this matter. The United States respectfully asks that this Court affirm the District Court's denial of the defendant's motion to suppress and the denial of his motion for reconsideration of the denial of the motion to suppress. We make this request on the basis that the warrant at issue in this matter was amply supported by probable cause and that law enforcement officers reasonably relied on that warrant in good faith. Further, the defendant has failed to make the substantial preliminary showing required to establish a Franks violation and warrant a hearing and the District Court did not abuse its discretion in denying the defendant's request based on Franks. I'm going to start where I ended with previous counsel, which is what relevance is there that essentially the District Court concluded that in essence a Franks hearing had already been held or at least all the information that came out would have been the equivalent of what a Franks hearing would have revealed? I think that is accurate. They discussed at the suppression hearing that this is both Franks and they were dealing with all the situation, all of the Franks issues that were raised with the exception of this 2013 investigation, which the defendant has suggested they discovered at some later point and that's when they filed a motion for reconsideration. But as the District Court noted, this was not timely raised, although he did proceed to the merits of the reconsideration request and as Ms. Steinholten noted, the references were made to the 2013 investigation in the forensic interview, which should have tipped off the defense that there was a previous investigation and Daigle himself, of course, knew of the previous investigation. The rest of the Franks issues were all thoroughly discussed at the suppression hearing and found lacking. What does this do for our standard of review or how we would approach the opinion? Are we reviewing the denial of a Franks hearing or are we reviewing the conclusion that no Franks violation occurred? Both, Your Honor. In the District Court's motion for reconsideration, the District Court concluded that no Franks violation occurred, thus no hearing was warranted and this is an abuse of discretion review on this point. Counsel noted that the evidence of intentional or reckless omission of information was based on an inference, but that inference only comes into play if without the information, no probable cause would suffice or no probable cause would remain. This is not that case. In this case, if you take every piece of information, every one of these nine challenges that the defense has laid out, you put it all in that affidavit, it does not put a single dent into the probable cause to search Daigle's phone based on the reliable victim statements made in her forensic interview. You put it all in. It makes no difference. What about the 2013? I mean, that's actually probably their best argument. I know why they're using it at the other site, why Daigle's using it. It's because it wasn't, didn't come up in the Franks hearing. But you know, if I were the issuing magistrate, I would want to know that there was a previous investigation that turned up with no charges. I mean, that to me would seem to be relevant information if in fact the sheriff knew about that. The record here reflects that the sheriff knew that a different victim made different allegations against Daigle two and a half years before these allegations arose. They were both family though, right? They were both family members. Yes. His oldest daughter, JD. And then his next daughter, ED. Both of them made allegations. Sheriff Hook immediately called North Dakota BCI and turned the investigation over to North Dakota BCI. The record shows that he did attend an interview conducted by North Dakota BCI with Daigle. The record does not show that he knew RM participated in a forensic interview, what the content of that interview was, any allegations that were made by, that were not made by her. There's nothing in the record showing that he had knowledge of any of that. And that is their, what I see as their strongest point is saying she made different statements in 2013 as compared to 2015. The record does not reflect that Sheriff Hook had knowledge of that. But even if he did, the forensic interview here, the victim in this case, RM, talks about the previous allegations where her older sisters, J and E, made these allegations and they were And she explained her previous denial in the forensic interview, which Sheriff Hook watched in real time and again later watched the entire thing again. And so even if, even if he had knowledge of that previous interview two and a half years earlier, he watched RM in 2015. He judged her reliable and credible based on a nearly two hour forensic interview, which she discussed these issues at length. And she explained why she previously did not come forward when she was nine years old, come forward with what she was experiencing. I feel that I've addressed all of the issues raised by counsel at some length in my long brief. If the court does not have any other questions for me, I will yield the rest of my time and judgment of the district court. Thank you very much. Thank you. For rebuttal, Ms. Steno. Thank you, Your Honor. I think the most important part of this is that Judge Hovey, when he was issuing this search warrant, he wasn't aware, he wasn't made aware of the 2013 investigation. And for an investigation that involved the same accuser, the same defendant, the same type of accusations, and over an overlapping period from what she stated in the present investigation in 2015, she said the abuse had been going on since 2011. So, to me, that is just highly relevant information that the issuing magistrate judge should be aware of. I don't disagree, but which way does that cut? I mean, yes, no charges were brought. Yes, there was some denial that any sexual abuse took place. But if I'm the issuing magistrate, I mean, we're not doing 404B evidence at this point. We're figuring out whether there's probable cause. Wow, this guy's been investigated before for sexually abusing his daughters. Maybe that actually makes a better case for probable cause. It could, but that's not the only bit of information. I think it goes against her credibility as an informant. I think also he did pass a polygraph test pursuant to that investigation. No charges were brought. In fact, the children were returned to the home. So he did go through a process, and that process cleared him. So I think it bodes in his favor that maybe what she's saying isn't accurate, and maybe it's not true. And further, there were two search warrants here. The first one in November, she said that there were at least three of those devices had recorded her at one point, and they searched and seized 20 devices, and no evidence was found on those. Further, she said he'd be in possession of SD cards. He wasn't. When you add all these omissions in to the probable cause determination, and Judge Hovey never got that opportunity to do so, that nullifies it. We're only talking about the cell phone warrant, right? Yep, which is the second search warrant that was done in December. Correct. So two search warrants, and we're asking- I don't understand how the fact that an earlier warrant of other devices didn't yield any cuts, you know, casts any doubt on the probable cause to search the phone that was so thoroughly discussed in the forensic interview, including identifying where it was going, where it was then found and sent back. Sure. And maybe that in and of itself, and maybe none of these pieces in and of themselves nullify that probable cause determination, but I think when you add them all in, it certainly paints a different picture than what Sheriff Hook presented to Judge Hovey. And so for these reasons, we ask that this court reverse the district court's order and remand for further proceedings. Thank you. Thank you, counsel. The case has been thoroughly briefed and well argued, and we will take it under advisement. Does that complete the morning's arguments? Yes, your honor. And the week's arguments. So the court will be in recess until further call.